**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

—————————————————————————

NNENNA AGBAI, *on behalf of herself,*
*FLSA Collective Plaintiffs, and the Class*,

<div style="margin-left:2em">Plaintiff,</div>

<div style="margin-left:2em">v.</div>

LE SPOT RESTAURANT, LLC
    d/b/a LE SPOT CAFÉ,
LE SPOT, INC
    d/b/a LE SPOT,
JACKI POINT DU JOUR, and
ALI NAZAIRE,

<div style="margin-left:2em">Defendants.</div>

—————————————————————————

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, NNENNA AGBAI ("Plaintiff") on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, LE SPOT RESTAURANT, LLC d/b/a LE SPOT CAFÉ; LE SPOT, INC. d/b/a LE SPOT ("Corporate Defendants"), JACKI POINT DU JOUR, and ALI NAZAIRE ("Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit deductions, (2) unpaid wages due to improper tip retention, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiff alleges, pursuant to the New York Labor Law ("NYLL"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to invalid tip credit deductions, (2) unpaid wages due to improper tip retention, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

3.      Plaintiff further individually alleges that Defendants deprived her of her statutory rights as a result of Defendants' discriminatory employment practices on the basis of language and national origin in violation of the New York State Human Rights Law, New York Executive Law § 296 et seq. ("NYSHRL") and brings this action against Defendants to recover (1) back wages, (2) compensatory damages, (3) punitive damages, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff NNENNA AGBAI is a resident of Queens County, New York.

7.       Defendants own and operate two restaurants at the following locations in New York:

(a)  Le Spot Café - 333 Elmont Rd, Elmont, NY 11003; and

(b)  Le Spot - 476 Hempstead Turnpike, Elmont, NY 11003;

(together, the "Restaurants").

8.       Corporate Defendants operate the Restaurants as a single integrated enterprise, under the control of their owners, the Individual Defendants. Specifically, Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

(a)  Both of the Restaurants' locations are publicly known for being owned and operated as LE SPOT.

(b)  Both Restaurants host events that are being published and marketed on the same Facebook page. *See* **Exhibit A**.

(c)  The Restaurants interchanged employees and supplies between all locations. Although Plaintiff primarily worked at the 333 Elmont Rd, Elmont, NY 11003 location, she was required to pick up and transfer food supplies to the other location.

9.       Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the FLSA Collective Plaintiffs and Class Members for whom Plaintiff seeks to represent.

10.      Corporate Defendant LE SPOT RESTAURANT, LLC  d/b/a LE SPOT CAFÉ is a domestic limited liability company organized under the laws of the State of New York, with

a principal place of business located at 476 Hempstead Turnpike, Elmont, NY 11003, and an address for service of process located at 476 Hempstead Turnpike, Apt D, Elmont, NY 11003.

11.    Corporate Defendant LE SPOT, INC. d/b/a LE SPOT is a domestic business corporation organized under the laws of the State of New York, an address for service of process located at 476 Hempstead Turnpike, Suite D, Elmont, NY 11003.

12.    Individual Defendant JACKI POINT DU JOUR is the principal of Corporate Defendants. Individual Defendant JACKI POINT DU JOUR exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant JACKI POINT DU JOUR had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs, and Class Members. At all times, employees of each of the Corporate Defendants could complain to Individual Defendant JACKI POINT DU JOUR directly regarding any of the terms of their employment, and Individual Defendant JACKI POINT DU JOUR would have the authority to effect any changes to the quality and terms of employees' employment. Individual Defendant JACKI POINT DU JOUR  directly reprimanded any employee who did not perform their duties correctly. Individual Defendant JACKI POINT DU JOUR exercised functional control over the business and financial operations of the Corporate Defendants.

13.    Individual Defendant ALI NAZAIRE is the principal of Corporate Defendants. Individual Defendant ALI NAZAIRE exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs, and Class Members. ALI NAZAIRE had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff,

FLSA Collective Plaintiffs, and Class Members. At all times, employees of each of the Corporate Defendants could complain to Individual Defendant ALI NAZAIRE directly regarding any of the terms of their employment, and Individual Defendant ALI NAZAIRE would have the authority to effect any changes to the quality and terms of employees' employment. Individual Defendant ALI NAZAIRE directly reprimanded any employee who did not perform their duties correctly. Individual Defendant ALI NAZAIRE exercised functional control over the business and financial operations of the Corporate Defendants.

14.     At all relevant times, Corporate Defendants, each were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

15.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

16.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

17.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons, including, but not limited to, servers, bussers, and bartenders, among others, employed by Defendants on or after the date that is 6 years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper wages, due to (i) invalid tip credit deductions and (ii) improper retention of tips. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

19.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons, including, but not limited to, servers, bussers, and bartenders, employed by Defendants on or after the date that is 6 years before the filing of the Complaint in this case as defined herein (the "Class Members" or the "Class").

21.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of

that number are presently within the sole control of Defendants, there is no doubt that there are more than 40 members of the Class. The Class further includes tipped employees who also number more than 40.

23.    Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay proper wages, due to invalid tip credit deductions, (ii) improper tip retention, (iii) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL, and (iv) failing to provide proper wage statements per requirements of NYLL.

24.    With regard to Plaintiff and Class Members, Defendants also failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credits because they failed to meet statutory requirements under the NYLL. Plaintiff and Class Members suffered from Defendants' failure to pay minimum wages due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) claimed tip credit for all continuous periods of time of non-tipped, directly supporting work exceeding 30 minutes (iv) had an improper tip pool whereby managers and employees that did not serve customers were taking tips; (v) illegally retained gratuities through its managers and employees that did not serve customers, (vi) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vii) failed to accurately keep track of daily tips earned and maintain records thereof.

25.    Defendants retained and failed to remit all tips earned by tipped employees by retaining the tips to distribute amongst Defendants' non-tipped employees.

26.    Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)  Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

e)  Whether Defendants properly provided notice to Plaintiff and Class Members that Defendants were deducting tip credits from their wages;

f)  Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% or 2 hours of their workweek;

g)  Whether Defendants claimed tip credits for any continuous periods of time of non-tipped, directly supporting work exceeding 30 minutes;

h)  Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

i)  Whether Defendants retained any portions of the gratuities or service fees without providing notice to customers that management was retaining such fees;

j)  Whether Defendants provided wage notices, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL; and

k)  Whether Defendants provided proper wage statements reflecting all hours worked by Plaintiff and the Class members, and other information required to be provided on wage statements, as required under the NYLL.

## **STATEMENT OF FACTS**

<u>Plaintiff's Wage and Hour Claims</u>:

31.    On or about May 5, 2023, Plaintiff NNENNA AGBAI was employed as a Bartender at Defendants' LE SPOT RESTAURANT located at 333 Elmont Rd, Elmont, NY 11003.

32.    From the beginning of her employment until in or about June 2023, Plaintiff worked four (4) days per week, eight (8) hours per day from 8:00 p.m. to 4:00 a.m., for a total of thirty-two (32) hours per week. From around June 2023 until present, Plaintiff worked two (2) days per week and six (6) hours per day for a total of twelve (12) hours per week. FLSA Collective Plaintiffs and Class Members worked similar schedules.

33.    Throughout her employment, Plaintiff was compensated in cash every day, at the end of her shift.

34.    Plaintiff was not provided with a wage notice at the start of her employment with Defendants indicating her rate of pay. Throughout her employment, Plaintiff was also not provided with wage statements with a breakdown of her hourly pay rate, amount of tips remitted, and the total hours she worked. Defendants willingly engaged in a policy of withholding wage and hour details from Plaintiff. It was impossible for Plaintiff to ascertain her hourly wage rate, the tips she earned and the hours she worked, due to Defendants' unlawful policy. Class Members were similarly not provided wage notices and proper wage statements by Defendants.

35.    At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were paid at the New York State tip credit minimum wage. Defendants were not entitled to claim any tip credit allowance under the FLSA or the NYLL because Defendants: (i) failed to properly provide tip credit notice at hiring and with every change in rate of pay thereafter, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) claimed tip credit for all continuous periods of time of non-tipped, directly supporting work exceeding 30 minutes (iv) implemented an invalid tip pooling scheme in which managers and

employees that did not serve customers participated in the tip pool, (v) illegally retained gratuities through managers and employees that did not serve customers, (vi) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (vii) failed to accurately keep track of daily tips earned and maintain records thereof.

36.     Plaintiff, FLSA Collective Plaintiffs, and Class Members were required to engage more than 20% of their working time in non-tipped related activities including expediting, polishing glassware and silverware, organizing silverware and napkins, making silverware roll-ups, sweeping and mopping the floor, and general cleaning around the restaurant, among others. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

37.     Additionally, Defendants claimed tip credits from Plaintiff's, FLSA Collective Plaintiffs', and Class Members' wages for all continuous periods of time of non-tipped, directly supporting work exceeding 30 minutes.

38.     Plaintiff, FLSA Collective Plaintiffs, and Class Members were victims of Defendants' policy of illegally retaining tips, due to an improper tip pool wherein managers would participate in the tip pool and would distribute tips to non-tipped employees. In fact, Defendants imposed a policy wherein Plaintiff and tipped employees were required to share tips at the end of the day with Defendants' managers, kitchen employees and cashiers. Plaintiff, FLSA Collective Plaintiffs, and Class Members suffered significant losses due to Defendants' unlawful tip sharing policy.

39.     Defendants also illegally retained tips that came directly from the customers at the time of payment. On many occasions where Plaintiff's customers paid their bill with a

manager instead of with Plaintiff, the customers inquired with Plaintiff to check whether she received the tips they left for her, and when Plaintiff checked with her managers, she was informed by the managers that they retained the tips for themselves.

40.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

41.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class Members. Defendants' conduct harmed Plaintiff and Class Members.  Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class Members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay and the proper amount of pay to employees. Defendants' failure to

provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

42.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoings from employees, and continue to attempt to hide their wrongdoings necessitating the current litigation. The failure to provide NYLL notices continues to result in improper payment of wages owed to Plaintiff and Class Members.

43.     Defendants knowingly and willfully operated their business with a policy of paying employees at the New York State minimum wage rate. Defendants were not entitled to claim any tip credits from Plaintiff, FLSA Collective Plaintiffs, and Class Members under the FLSA or the NYLL.

44.     Defendants knowingly and willfully operated their business with a policy of unlawfully retaining tips pursuant to the FLSA and NYLL.

45.     Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

46.     Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under NYLL.

Plaintiff's Discrimination and Retaliation Claims:

47.     Plaintiff is of African American descent.

48.     Individual Defendants are Haitian and speak Creole. Throughout her employment with Defendants, Plaintiff has been a victim of Defendants' discriminatory treatment. Specifically, Defendants' Haitian managers and supervisors engaged in hostile

behavior towards Plaintiff. Individual Defendants and managers collectively mocked Plaintiff in Creole, pointed fingers at her and made fun of her.

49.    Defendants further misappropriated tips from Plaintiff and other non-Haitian FLSA Collective Plaintiffs and Class Members to Defendants' Haitian managers and supervisors.

50.    Due to repeatedly witnessing this violation, Plaintiff complained to Defendants regarding her missing tips. Defendants mocked Plaintiff in Creole each time she went to them with her concerns.

51.    In addition, Defendants excluded Plaintiff from all the employee meetings they conducted. During one such meeting, when Plaintiff objected to this exclusion, Individual Defendants replied, "We don't want to work with you because you complain too much."

52.    Following this incident, Defendants retaliated against Plaintiff and reduced her scheduled shifts to only two working days per week.

53.    Defendants discriminated against Plaintiff on the basis of her language and national origin. When Plaintiff (i) persevered through Defendant's discrimination and (ii) correctly pointed out Defendants' unfair policies, Defendants resorted to retaliating against Plaintiff and reducing her working hours.

54.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

55.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

56.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

58.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

59.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members at the proper minimum wage rate for their hours. Defendants were not entitled to claim any tip credits under the FLSA.

60.     At all relevant times, Defendants had a policy and practice of unlawfully retaining gratuities from Plaintiff and FLSA Collective Plaintiffs.

61.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, when Defendants knew or should have known such were due.

63.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

64.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

65.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to invalid tip credit deductions, damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

66.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

67.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

68.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

69.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the statutory minimum wage for their lawful hours worked. Defendants were not entitled to claim any tip credits under the NYLL.

70.     Defendants willfully violated Plaintiff's and the Class Members' rights by illegally retaining tips through their managers and employees that did not serve customers and were not entitled to receiving tips.

71.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees with wage notices, at date of hiring and at the dates of all changes in wage rates, thereafter, as required under the NYLL.

72.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by the NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because Defendants did not provide Plaintiff and Class Members with any wage statements.

73.     Due to Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages due to invalid tip credit deductions, damages representing disgorgement of illegally retained gratuities, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## DISCRIMINATION UNDER THE
## NEW YORK STATE HUMAN RIGHTS LAW

**(N.Y. Exec. Law § 292, *et seq*.)**

74.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

75.     The New York State Executive Law § 296(1)(a) provides that:

"[I]t shall be an unlawful discriminatory practice: For an employer … because

of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

76.    Defendants violated the New York State Human Rights Law when they discriminated against Plaintiff on the basis of her language and national origin.

77.    In this case, Plaintiff was subjected to degrading treatment by Defendants due to her inability to comprehend and speak Creole, and her not being Haitian. Defendants mocked her, pointed fingers at her, and did not treat her equally as their Haitian and Creole speaking employees. When Plaintiff complained to Defendants, instead of accommodating her concerns as her employers, they continued the hostile treatment and retaliated against Plaintiff.

78.    This discriminatory and retaliatory conduct was in willful disregard of the provisions of the NYSHRL.

79.    As a direct and proximate result of Defendants' willful disregard of the NYSHRL, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT IV

### RETALIATION UNDER THE
### NEW YORK STATE HUMAN RIGHTS LAW

**(N.Y. Exec. Law § 292, *et seq.*)**

80.     Plaintiff realleges the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

81.     New York State Executive Law § 296(7) provides that:

"[I]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliat[ion]. . . against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

82.     As alleged herein, Plaintiff was retaliated against by Defendants after Plaintiff complained about Defendants' tipping policies and discriminatory policies multiple times.

83.     This retaliatory conduct was in willful disregard of the provisions of the NYSHRL.

84.     As a direct and proximate result of Defendants' willful disregard of the NYSHRL, Plaintiff suffered damages in the form of lost earnings. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, back pay, front pay, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a)  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, and the NYSHRL;

b)  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c)  An award of unpaid minimum wages, due to invalid tip credit deductions, due under the FLSA and the NYLL;

d)  An award of invalidly retained tips due under the FLSA and the NYLL;

e)  An award of all applicable damages due to Defendants' discriminatory conduct under the NYSHRL;

f)  An award of all applicable damages due to Defendants' retaliatory conduct under the NYSHRL;

g)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

h)  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

i)  An award of statutory penalties, prejudgment, and post judgment interest, costs, and expenses of this action together with reasonable attorney's fees and expert fees and statutory penalties;

j)  Designation of Plaintiff as Representative of FLSA Collective Plaintiffs;

k)  Designation of this action as a class action pursuant to F.R.C.P. 23;

l)  Designation of Plaintiff as Representative of the Class; and

m)  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   November 29, 2023                    Respectfully submitted,
         New York, New York        By:       */s/ C.K. Lee*
                                              C.K. Lee, Esq.

                                              **LEE LITIGATION GROUP, PLLC**
                                              C.K. Lee (CL 4086)
                                              Anne Seelig (AS 3976)
                                              148 West 24th Street, 8th Floor
                                              New York, NY 10016
                                              Tel.: (212) 465-1188
                                              Fax: (212) 465-1181
                                              *Attorneys for Plaintiff,*
                                              *FLSA Collective Plaintiffs,*
                                              *and the Class*